10-3534-ag
Lin v. Holder

BIA
Nelson, IJ
A099 427 645

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

———————————————————————————————

CHANG BAO LIN,
> *Petitioner,*

> v.                                    10-3534-ag
> > NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————

FOR PETITIONER:     Jed S. Wasserman, Kuzmin & Associates, P.C., New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director; John J. W. Inkeles, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Chang Bao Lin, a native and citizen of China, seeks review of a August 6, 2010, order of the BIA affirming the December 23, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Bao Lin,* No. A099 427 645 (B.I.A. Aug. 6, 2010), *aff'g* No. A099 427 645 (Immig. Ct. N.Y. City Dec. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to consider Lin's challenge to the pretermission of his asylum application because his assertion of a due process violation essentially disputes the correctness of the IJ's factual findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006) (finding that a question of law is not implicated "when the petition for review essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion."). Accordingly, we dismiss the petition for review as to asylum and address only Lin's challenges to the denial of withholding of removal and CAT relief.

Lin contends that the agency erred in finding that he did not establish past persecution. However, because Lin testified to only a brief altercation with authorities that did not result in arrest, detention, or serious injury, the agency reasonably concluded that he had not demonstrated harm rising to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (concluding that persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment"); *see also Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (holding that petitioner failed to establish persecution where "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical

2

effect"). Additionally, in light of the amount Lin paid to be smuggled into the United States, and his failure to present evidence of his financial circumstances, the agency reasonably found that the fine imposed was not so severe that it constituted persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (holding that an asylum applicant claiming that economic deprivation constituted persecution must offer some proof that he suffered a "deliberate imposition of substantial economic disadvantage.") (internal quotation marks omitted).

The agency also did not err in finding that Lin did not establish that it was more likely than not that he would be subjected to torture if he returned to China because of his illegal departure from the country. Contrary to Lin's characterization, the State Department reports on China in the record indicated that most returnees would be, at most, subjected to a brief detention, and Lin presented no particularized evidence suggesting that he would be tortured. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005) (holding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China," and that beyond generalized country conditions reports stating that some Chinese prisoners have been tortured, an applicant for CAT relief must submit particularized evidence suggesting that he is likely to be subject to torture in Chinese prisons). Moreover, Lin's claim that he is eligible for withholding of removal based on his illegal departure from China is unavailing because punishment for violation of a law applicable to all citizens does not, standing alone, establish persecution on a protected ground. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir. 2002); *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("Punishment for violation of a generally applicable criminal law is not persecution.").

Accordingly, because Lin did not establish that he suffered past persecution or that he is likely to be subjected to future persecution or torture, he did not establish his eligibility for withholding of removal or CAT relief. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 184-85 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4